**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JUAN ST. CYRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-757** |
| **DONNA S. MADERE, ET AL.** | **UNITED STATES MAGISTRATE** |
| | **JUDGE KAREN WELLS ROBY** |

<u>**ORDER**</u>

Before the Court is Defendants, Sheriff Newell Normand and Deputy Donna Madere's (collectively "Defendants") unopposed **Motion to Stay the Case (R. Doc. 33)** in which Defendants move this Court to stay the proceedings until the criminal charges filed against Plaintiff, Juan St. Cyre ("Plaintiff), which form the basis of Plaintiff's claims in this matter, have been adjudicated in the Second Parish Court of Jefferson Parish.[1] The motion was heard on the briefs on October 23, 2013.

## I.    <u>Background</u>

Plaintiff, Juan St. Cyre's ("Plaintiff") filed this complaint on March 20, 2012, following the his alleged wrongful arrest at his home in Harvey, Louisiana, on March 21, 2011. (R. Doc. 1) Plaintiff alleges he was arrested without probable cause, amounting to a claim of false arrest, and with excessive force, constituting violations of his Fourth and Fourteenth Amendment rights, as well as violations under 42 U.S.C. § 1983. (R. Doc. 1, p. 4).

---

[1]The undersigned United States Magistrate Judge is acting upon consent of the parties, under 28 U.S.C. § 636(c).

Plaintiff alleges that on March 21, 2011, at approximately 5:30 p.m., he exited his home with the "intention of uprooting plants" which had been allegedly planted on his property by his neighbor. *Id.* at 2.   Plaintiff alleges that as he attempted to rid his property of the unwanted plants, he was confronted by the neighbor, which allegedly led to an argument. *Id.*

Shortly after the argument began, Plaintiff contacted the police department, and Defendant, Deputy Donna Madere ("Defendant") arrived on the scene at approximately 5:45 p.m.  *Id.* Upon her arrival, Defendant contends that Plaintiff and the next door neighbors remained in a heated dispute. (R. Doc. 33-1, p. 3). She while the parties were still arguing she attempted to talk to the parties to ascertain what led to the argument. *Id.*

Defendant contends that Plaintiff continued "to escalate the argument and pushed her [toward] into the neighbors" while continuing to yell and scream over her shoulder. *Id.* At some point, Plaintiff allegedly retreated to his open garage, where Defendant followed him to obtain identification and place him under arrest for the alleged battery that had occurred. *Id.* Defendant argues that Plaintiff refused to comply, and "slapped [her] hand away as she attempted to gain control of him." *Id.* at 4. Defendant argues that in an "attempt to overcome the Plaintiff's resistance, she drew her taser and ordered [him] to submit to the arrest." *Id.* When Plaintiff continued to resist, Defendant argues that she used her taser to overcome his resistance. *Id.* She subsequently placed Plaintiff under arrest for *Disturbing the Peace, Battery on a Police Officer, and Resisting Arrest. Id.* (emphasis added).

Stated differently, Plaintiff alleges he was ordered to go inside his home by Defendant, so that she could speak with Plaintiff's neighbor. (R. Doc. 1, p. 2). He also alleges that when the Defendant returned, he was ordered to place his hands behind his back, and then told that he was going to be placed under arrest for touching and pushing her earlier. *Id. See also* R. Doc. 33-2, p. 3.

Plaintiff stated that because he was upset, he did not place his hands behind his back. *Id.* He

2

testified that he noticed a red dot on his chest, and allegedly asked Defendant if she wanted to taser him, to which she allegedly repeated that she wanted him to place his hands behind his back. (R. Doc. 33-2*, p. 5). Shortly thereafter, Plaintiff alleges that he was tased by Defendant, and left unconscious. (R. Doc. 1, p. 4). When he awoke, Plaintiff represents that Defendant claimed she tased him because he struck her. *Id.* Plaintiff alleges he was transported to the Jefferson Parish Correctional Facility, where he was allegedly booked on the charges stated above. *Id.* at 3.

As to the instant motion, Defendants argue that on May 4, 2011, the *Disturbing the Peace, Battery on a Police Officer, and Resisting Arrest* charges against Plaintiff were accepted by the Jefferson Parish District Attorney's Office, in the Second Parish Court of Jefferson. *See* R. Doc. 33-1, p. 4. Since then, Defendants argue that Plaintiff has allegedly moved for continuance of these charges thirteen times to delay any possible conviction in this matter. *Id.* at 4-5. Thereby,  Defendants move this Court to stay the civil proceedings filed by Plaintiff  until the criminal charges filed against Plaintiff, which form the basis of Plaintiff's claims in this matter, have been adjudicated in the Second Parish Court of Jefferson Parish, pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Hudson v. Hughes,* 98 F.3d 868. *See* R. Doc. 33-1, p. 1-2.

**II.**     **Analysis:**

      **A.**     **Plaintiff's Fourth Amendment / False Arrest Claim**

Defendants' contend that Plaintiff's case should be stayed, pending adjudication of the criminal charges filed against him in Jefferson Parish. *See* R. Doc. 33, *supra.* In support of its motion, Defendants argue that Plaintiff's claim should be stayed pursuant to *Heck,* 512 U.S. 477 (1994).

In *Wallace v. Kato,* 549 U.S. 384 (2007), the United States Supreme Court held that *Heck* "does not bar 'an action which would impugn an anticipated future conviction'. . ." *Wallace,* at  393 (2007).  Nevertheless, the Supreme Court has made clear that the limitation on *Heck's* direct

3

applicability does not mean that federal courts should forge ahead with cases in which similar considerations exist. *Id.*

Rather, the Supreme Court has held that *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction, such as this case, as a claim of false arrest would imply the invalidity of a conviction.[2] *Wallace*, 549 U.S. at 393–94 (2007); *see also DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting that the Supreme Court in *Wallace* refused to extend Heck's application to pending criminal matters); *Hudson v. Hughes,* 98 F.3d 868, 872–73 (5th Cir. 1996).[3] In *Wallace,* the Supreme Court stated that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94; (citing *Edwards v. Balisok*, 520 U.S. 641, 649; *Heck*, 512 U.S. at 487.

Here, Plaintiff has not yet appeared for trial in the Second Parish Court of Jefferson Parish, as evidenced by Clerk of Court Records attached in support of Defendants Motion to Stay, because Plaintiff has moved for a continuance on this matter thirteen times. *See* R. Doc. 33-3, pp. 1-6. Therefore, under *Wallace's* reasoning, Plaintiff's claims that the Defendant falsely arrested him without probable cause should be stayed until such time as his state criminal proceedings are concluded. *See Banks v. Gammon*, No. 08-474, 2008 WL 2404967, at *3 (N.D. Tex. June 29, 2008) (staying a claim

---

[2]*Heck* bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on the criminal charge for which he was arrested. *See Queen v. Purser*, 109 Fed. App'x 659, 660 (5th Cir.2004); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995); *Jordan v. Strain*, No. 09–3565, 2009 WL 2900013, at *2 n. 4 (E.D.La. Aug.28, 2009); *Landor v. Hogue*, No. 07–9171, 2008 WL 243950, at *3 (E.D.La. Jan.25, 2008). However, if plaintiff is currently awaiting trial, the United States Supreme Court has held that *Heck* does not bar "an action which would impugn an anticipated future conviction.... " Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original).

of false imprisonment made by a pretrial detainee). If Plaintiff is ultimately convicted, the Defendants may move to reopen this case to have those claims dismissed pursuant to *Heck*. On the other hand, if Plaintiff is acquitted, he may move to reopen the case to pursue those claims. Accordingly, Defendants Motion to Stay Plaintiff's False Arrest Claims is granted.

**B.   Plaintiff's § 1983 Excessive Force Claim**

Defendants argue that Plaintiff's § 1983 excessive force claim should be stayed because "a finding of liability would necessarily imply the invalidity of any criminal conviction for resisting a policy officer by force or violence." *See* R. Doc. 33-1, p. 8; (citing *Hudson,* 98 F.3d at 868).

In *Heck v. Humphreys,* the United States Supreme Court found in order for a § 1983 Plaintiff to recover damages for an alleged unconstitutional conviction, arrest, imprisonment, or other harm caused by unlawful actions of a state officer, such as excessive force against the arresting officer and his supervisor, "the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' " *Connors v. Graves,* 538 F.3d 373, 376 (5th Cir. 2008); citing *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.2000) (quoting Heck, 512 U.S. at 487, 114 S.Ct. 2364). If so, the claim "is barred unless he proves that his 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' " *Connors,* 538 F.3d at 376, citing *Heck*, 512 U.S. at 486-87.

Here, for the Court to determine whether *Heck* precludes Plaintiff's §1983 excessive force claim, the Court must "first determine whether a judgment in Plaintiff's favor on these claims would necessarily imply the invalidity of his conviction" for battery on a policy officer, as well as resisting a police officer in violation of La. R.S. §14:108. The Court finds that liability on the part of Defendants on the excessive force claim would inherently imply the invalidity of Plaintiff's conviction

5

as Plaintiff's claims contain necessary elements and derive from the same set of circumstances which led to Plaintiff's arrest.  *See* R. Doc. 33-1, p. 11.[4] Accordingly, the Defendants' Motion to Stay the excessive force, § 1983 claims of Plaintiff pending adjudication of his criminal charges in state court is granted.[5]

### III.   Conclusion:

 Accordingly,

**IT IS ORDERED** that Defendants, **Motion to Stay the Case (R. Doc. 33)** is **GRANTED**. This Order further directs the Clerk to administratively close this matter.

**IT IS FURTHER ORDERED** that all Pretrial dates, including Pretrial Conference, Settlement Conference, and Trial are hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that the parties in this action are given **twenty (20) days** from Plaintiff's acquittal or completion of direct review of any conviction of Plaintiff to move to reopen or dismiss the instant action.

New Orleans, Louisiana, this  23rd  day of October 2013.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *See Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (where the Court found that because Plaintiff's claim of excessive force, if granted, "necessarily would imply the invalidity of his arrest and conviction for battery of an officer" it was appropriate to stay the action so that the conviction would not be undermined).

[5] For the same reasons set forth in sections A and B, the Court finds that any potential state law causes of action are also stayed, as they derive out of the same underlying arrest of Plaintiff. Thus, to avoid any potential implication invalidity the ruling on these claims would have on the conviction, the Court finds that staying the state law claims is proper as well. *See Hainze v. Richards,* 207 F.3d 795 (5th Cir. 2000) (where the state law assault and battery claims were barred with the excessive force claim brought under § 1983).